ARZUAGA, PLAINTIFF AND APPELLANT, *v.* ROE ET AL., UNKNOWN HEIRS OF IGNACIO ARZUAGA, DEFENDANTS AND RESPONDENTS.

Appeal from the District Court of San Juan, Section 1, in an action for acknowledgment as natural child.

MOTIONS of the respondents to correct the record and to dismiss the appeal.

No. 1119.—Decided April 23, 1914.

APPEAL—CORRECTION OF RECORD—NOTIFICATION OF JUDGMENT.—When, as in the present case, there is no bill of exceptions or statement of facts and the

respondent files a motion for the correction of the record accompanied by a certified copy of the notice of the rendition of the judgment appealed from served by the secretary of the lower court on the attorney for the defeated party, said motion should be sustained.

Id.—Notice of Judgment.—In accordance with section 2 of Act No. 70 of 1911, the time for appealing from a judgment begins to run from the date of filing in the lower court the notice of the judgment required to be sent by the secretary to the defeated party.

Id.—Notice of Judgment.—When it appears from the transcript of the record that the appellant was notified of the rendition of the judgment on December 27, 1913, and that said notice was filed in the lower court on the same day, and the notice of appeal was not filed until February 2 following, the appeal should be dismissed for having been brought after the time allowed, and the fact that the appellant stated in the notice of appeal that he was not served with notice of the judgment until January 4, 1914, cannot prevail against the showings made in the record.

The facts are stated in the opinion.

*Messrs. Savage & Francis* for the appellant.

*Mr. Eduardo Acuña* for respondents Nicasio, José Pio, Pedro, Bernardino and María Salomé Arzuaga, heirs of Ignacio Arzuaga.

Mr. Justice del Toro delivered the opinion of the court.

After the transcript of the record in this case had been brought up and filed in the office of the secretary of this court the respondents appeared and filed two motions—one for the correction of the record and another for the dismissal of the appeal. Both motions are dated April 15, 1914, and were served on the appellant's attorney. The hearing thereon was held on April 20, 1914, in open court, only the attorney for the respondents appearing.

The motion for the correction of the record asks for the addition to the transcript of a certificate issued by the secretary of the trial court relative to the fact that the said official had filed the service of notice of the judgment appealed from on the defeated party.

The transcript of the record brought up by the appellant is composed of the pleadings and the judgment. The judgment was rendered on the pleadings and there is no bill of exceptions nor statement of facts approved by the trial judge. The transcript of the record is certified by the secretary.

This being the case and taking into consideration the character of the document sought to be added to the record and the fact that no objection has been made by the appellant, we are of the opinion that the respondents' motion should be sustained and the record considered as corrected accordingly.

Taking as a basis the showing of the corrected record, we will consider the motion for the dismissal of the appeal.

The respondents allege that the judgment appealed from in this case was rendered and entered on December 26, 1913, and that notice thereof was served on the defeated party on December 27, 1913, the returned notice having been filed with the record on the same 27th day of December, 1913. They further allege that the notice of appeal having been filed on February 2, 1914, the appeal was taken after the time fixed by law and, therefore, should be dismissed.

The appellant stated in the notice of appeal that the judgment was rendered on December 27, 1913, and that he was notified thereof on January 4, 1914. This contention is not supported by the *prima facie* authentic statements of the record showing that the judgment was rendered and entered on December 26, 1913, and that the attorney for the defeated party, who resided in San Juan, was notified thereof on December 27, 1913. Furthermore, the record shows also that the notice of judgment was filed by the secretary on the said 27th day of December, 1913, and the date of the filing of the notice is the date fixed by law as the day from which the time allowed for taking an appeal shall be counted.

Section 2 of Act No. 70 of 1911 reads as follows:

"Section 2.—In all cases in which an appeal may be taken as provided in section 295 of the Code of Civil Procedure, as amended March 11, 1908, it shall be the duty of the secretary of the court to mail a written notice to the losing party or his attorney when the judgment from which the appeal may be taken is rendered, notifying him of the rendition of the judgment or the action of the court, and a copy of such notice shall be filed with the papers in the case,

and the time within which such appeal may be taken shall begin to run from the date of the filing of such notice among the papers."

Therefore, as more than one month had elapsed between December 27, 1913, when the notice of judgment was filed, and February 2, 1914, the date of filing the notice of appeal, which is the period fixed by section 295 of the Code of Civil Procedure for appealing from a judgment rendered by a district court to this court, as was done in this case, we must conclude that the appeal was taken after the time allowed, as is contended by the respondents.

In view of all the foregoing, both motions should be sustained, the record being corrected as solicited in the first and the appeal being dismissed as requested in the second.

*Motions sustained,*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.